IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TEKISHA ROUSSEAUX CASTELLANOS,

Plaintiff,

v. Case No. 1:26-cv-00061-LF-GBW

CAPITAL ONE AUTO FINANCE,

Defendant.

**<u>MEMORANDUM ORDER AND OPINION</u>**

THIS MATTER is before the Court on plaintiff Tekisha Rousseaux Castellanos's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 41), filed June 30, 2026. Defendant Capital One Auto Finance filed a response in opposition on July 14, 2026. Doc. 47. Plaintiff filed a reply in support of her motion on July 16, 2026. Doc. 49. The Court has determined that it is not necessary to hold a hearing on the motion.[1] Having reviewed the briefing, the law, and otherwise being fully advised, the Court DENIES the motion.

**BACKGROUND**

Plaintiff filed a complaint on January 13, 2026, alleging violations of the Fair Credit Reporting Act ("FCRA"). Doc. 1. Defendant answered the complaint on May 11, 2026. Doc. 36. Since filing her motion for a temporary restraining order and preliminary injunction,

---

[1]*See Carbajal v. Warner*, 561 F. App'x 759, 763–64 (10th Cir. 2014) (affirming district court's discretion not to hold a hearing on a motion for preliminary injunction); *see also Springer v. Seventh Jud. Dist. Ct.*, No. 1:23-cv-00499-MIS-JMR, 2023 WL 6219214, at *1 n.1 ("Whether to hold a hearing is within the district court's discretion, and a hearing is not necessary if the motion can be ruled on without a hearing.") (quoting *Smith v. Crocket*, No. 20-cv-00841-WJM-NYW, 2022 WL 366914, at *1 n.2 (D. Colo. Jan. 20, 2022)).

Plaintiff filed an amended complaint. Doc. 60; *see also* Doc. 78 (order deeming amended complaint properly filed and operative as of October 23, 2026). The amended complaint continues to assert violations of the Fair Credit Reporting Act but now also asserts violations of the New Mexico Unfair Practices Act. Doc. 60 at 7–8. Plaintiff seeks actual, statutory, and punitive damages. *Id.* at 9.

Plaintiff disputes details of an automobile loan serviced by Defendant. Doc. 41 at 1–2. In her motion for a temporary restraining order and preliminary injunction, Plaintiff explains that she lost access to the online portal that Defendant offers to its customers and has been unable to review billing statements and payment records. Doc. 41 at 2. Plaintiff also alleges that she was informed that a "legal hold" has been placed on her account, and that she has been prevented from making payments outside of business hours. *Id.* Defendants agree that Plaintiff's account was placed in a litigation hold, and Defendant has since released that hold on Plaintiff's account. Doc. 47 at 2. In her reply brief, Plaintiff confirms that her online access was restored. Doc. 49 at 4.

Plaintiff contends that material changes were made to her account while she was locked out of her online portal, including reports that she has not made all of her payments on time. Doc. 47 at 3; Doc. 49 at 4. Plaintiff asks the Court to issue an order that (1) preserves the status quo; (2) enjoins Defendant from making additional material changes to her "account servicing, credit reporting, payment history, payment status, account remarks, balances, or other account information pending further order of the Court;" (3) enjoins "Defendant from reporting missed payments or additional adverse credit information;" (4) temporarily stays "Defendant from declaring her in default, assessing late fees, or taking repossession action based upon nonpayment;" (5) requires Defendant to preserve various forms of documentation and records

related to her account; and (6) requires Defendant to restore her online account access or, alternatively, provide her with complete paper statements and account ledgers. Doc. 41 at 4–5.

## ANALYSIS

"Where a plaintiff requests both a [temporary restraining order] and a preliminary injunction and there has been notice to the adverse party, the Court may rule on the matter as a preliminary injunction." *N.M. Horsemen's Assoc. v Sunray Gaming of N.M., LLC*, No. 1:24-cv-00235-MLG-DLM, 2024 WL 1345637, at *1 n.4 (D.N.M. Mar. 29, 2024). Moreover, "[t]he substantive requirements for a preliminary injunction and temporary restraining order are identical." *Valley Cmty. Pres. Comm'n v. Mineta*, 246 F. Supp. 2d 1163, 1165–66 (D.N.M. 2002). Because Plaintiff moved for the temporary restraining order and preliminary injunction after Defendant appeared in this case, the Court will rule on the motion as one for a preliminary injunction.

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (quoting *U.S. ex rel Citizen Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888 (10th Cir. 1989)). A party seeking a preliminary injunction must show that

> (1) they are substantially likely to succeed on the merits of their claims, (2) they will suffer irreparable harm if the injunction is denied, (3) their threatened injury without the injunction outweighs any harm to the party opposing the injunction, and (4) the injunction, if issued, is not adverse to the public interest.

*Harmon v. City of Norman*, 981 F.3d 1141, 1146 (10th Cir. 2020). A "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted." *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).

**I. Plaintiff's request for an order requiring Defendant to restore her online account access is denied as moot.**

As a preliminary matter, the parties agree that one of the requests Plaintiff makes in her motion is now moot. One of Plaintiff's requests for relief is an order requiring Defendant to restore her "online account access or, alternatively, provide complete paper statements and account ledgers while Plaintiff remains unable to access the online account[.]" Doc. 41 at 5. Defendant acknowledged that Plaintiff's online account access was restricted because of a litigation hold, but Defendant has since removed that hold. Doc. 47 at 2. Plaintiff confirmed in her reply brief that her online account access has been restored. Doc. 49 at 3–4. The Court therefore denies Plaintiff's request for an order requiring restoration of her online account access as moot.

**II. Plaintiff has not made a sufficient showing of irreparable harm or that the alleged harm outweighs the potential harm to Defendant.**

"A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, and therefore the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *N.M. Dep't of Game & Fish v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1249 (10th Cir. 2017) (citation modified) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). "Although irreparable harm does not readily lend itself to definition, a plaintiff must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages." *Id.* at 1250 (quotations omitted). "That harm must be both certain and great, and not merely serious or substantial." *Id.* (quotations omitted).

Addressing the irreparable harm factor, Plaintiff argues only that she cannot access her monthly statements or online tracking. Doc. 41 at 3–4. Without that access, Plaintiff contends that she "is being required to make payments on an account that she cannot independently audit, verify, or verify payment application[.]" *Id.* But as described above, Plaintiff's access to her online account has since been restored, and there is no longer an alleged harm for an injunction to address.

Because Plaintiff has not made the requisite showing that she will suffer from irreparable harm, the Court will not consider the remaining three factors.[2] *See Wellington v. Daza*, No. 1:17-cv-00732-JAP-LF, 2019 WL 366295, at *3 (D.N.M. Jan. 30, 2019) ("If a plaintiff does not show the irreparable injury requirement, a court need not address the other preliminary injunction factors."). Plaintiff has not met her burden of showing that a preliminary injunction is warranted; the Court therefore must deny her motion.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 41), filed July 14, 2026, is DENIED.

Laura Fashing
United States Magistrate Judge
Presiding by Consent

---

[2] In its response brief, Defendant argues that Plaintiff seeks a "disfavored injunction" that will change the status quo between the parties. Doc. 47 at 2–3. When a proposed injunction would change the status quo, "the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors[.]" *Free the Nipple-Fort Collins*, 916 F.3d at 797. Because the Court rests its analysis on the irreparable harm factor before considering the likelihood-of-success-on-the-merits and the balance-of-harms factors, the Court finds it unnecessary to determine whether the injunction Plaintiff seeks is disfavored and therefore subject to a higher showing as to those factors.